UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SATVINDER SAINI,<br><br>        Plaintiff,<br><br>v.<br><br>ARROW TRUCK SALES, INC.<br><br>        Defendant. | Civil Action No.:<br>2:20-cv-00138-WJM-MF<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    This matter arises out of Defendant Arrow Truck Sales, Inc.'s ("Defendant" or "Arrow") termination of its employment relationship with Plaintiff Satvinder Saini ("Plaintiff" or "Saini"). Before the Court is Defendant's motion (the "Motion") to dismiss Count Four of the Second Amended Complaint, which asserts a slander and defamation claim, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), ECF No. 38. For the reasons set forth below, Defendant's Motion is **GRANTED**.

**I.    BACKGROUND[1]**

    **A.    Factual Background**

    Plaintiff is a New Jersey resident and former employee of Defendant. Second Am. Compl. ¶ 9. Defendant is a Missouri corporation engaged in the business of selling heavy duty used trucks. *Id.* at ¶¶ 2, 3. As part of its business operations, Defendant operates approximately 17 showrooms and/or sales offices throughout the United States and Canada, including in Elizabeth, New Jersey. *Id.* at ¶ 4. Plaintiff was employed by Defendant as a salesperson at its Elizabeth, New Jersey branch from August 2013 until his termination on December 5, 2017. *Id.* at ¶ 9. At all relevant times during his employment with Defendant, Plaintiff worked under the direction of Louis Pinheiro and Dan Tanjavur the sales manager and branch manager, respectively, of the Elizabeth location. *Id.* at ¶ 13.

    Throughout his employment, Plaintiff alleges that he was the victim of bullying and harassment by Pinheiro, who allegedly made a number of racist and disparaging remarks towards Plaintiff. *Id.* at 16-21. Plaintiff complained about Pinheiro's behavior to Tanjavur on several occasions, culminating in a request for a transfer to a different Arrow location

---

[1] Unless otherwise indicated, all facts in this section are taken from the Second Amended Complaint, ECF No. 35, and are assumed to be true for purposes of this Opinion.

in October 2017. *Id.* at 28. Plaintiff's request was forwarded to Arrow's human resources department, after which a representative thereof spoke with Plaintiff and, after a brief investigation into the claims, assured Plaintiff that the issues would be resolved without need for a transfer. *Id.* at ¶¶ 29-30.

In addition to his complaints to Tanjavur and Arrow's human resources department, Plaintiff sought to communicate his complaints about Pinheiro to Arrow's executive officers directly. *Id.* at ¶ 34. In order to do so, Plaintiff hoped to be among Defendant's top performing salesmen in 2017 and attend an awards ceremony at which he would have an opportunity to meet Arrow's CEO. *Id.* at ¶¶ 34-36. Plaintiff alleges that Tanjavur and Pinheiro became aware of his plan to speak to Arrow's CEO and, out of fear for their own jobs, devised a plan to have Plaintiff terminated prior to the ceremony. *Id.* at ¶¶ 38-41, 45. To that end, on or about December 1, 2017, Tanjavur informed Plaintiff that he was being investigated for alleged manipulation of Arrow's incentive bonus plan after reporting unusually high sales in November 2017. *Id.* at ¶¶ 40-45. Although Plaintiff denied manipulating any sales figures, he and another Arrow salesman were terminated on December 5, 2017. *Id.*

### B. Procedural History

On December 4, 2019, Plaintiff instituted the present action against Defendant by filing a three-count complaint in the Superior Court of New Jersey, Law Division, for Union County. Notice of Removal, Ex. A, ECF No. 1. On January 3, 2020, Defendant timely removed the case to this Court on the basis of the Court's diversity jurisdiction. *Id.* Broadly speaking, Plaintiff alleges that he was the victim of a hostile work environment based on his national origin and religious beliefs, and that the reasons given for his termination were fabricated to serve as a pretext therefor in light of his repeated complaints in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12(d). Plaintiff further alleges that (1) Defendant's handling of Plaintiff's complaints of harassment, as well as its subsequent investigation of his sales reporting practices and termination of his employment, violated the terms of Defendant's employee handbook and, therefore, breached the parties' employment contract; and (2) Defendant violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a)(4) by failing to pay overtime wages for non-exempt employment duties.

On May 10, 2021, Plaintiff filed his Second Amended Complaint, asserting two additional claims against Defendant. Among these additional claims is Count Four, which asserts a slander and defamation claim based on knowingly false statements about Plaintiff made by Pinheiro and Tanjavur. Specifically, Plaintiff alleges that Tanjavur and Pinheiro intentionally crafted false allegations about his sales figures, fabricated and/or misrepresented evidence in support of those false allegations, and then reported Plaintiff to Arrow's human resources department with the intention of having his employment terminated. Plaintiff further alleges that, rather than properly investigate the allegations against Plaintiff, Defendant negligently relied upon them as a basis for terminating

Plaintiff's employment and in its defense of Plaintiff's complaint for retaliatory discharge before the New Jersey Division on Civil Rights (the "NJDCR") in 2018.

## II. LEGAL STANDARD

FRCP 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under FRCP 12(b)(6), "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The Court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, the Court is ordinarily limited to the facts as alleged in the complaint, the exhibits attached thereto, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1996 (3d Cir. 1993). Thus, where a 12(b)(6) motion is predicated on a statute of limitations defense to a claim, the claim may properly be dismissed as time-barred "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citations omitted).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's claim for slander and defamation in Count Four of the Second Amended Complaint as time barred under the applicable one-year statute of limitations under New Jersey law for such claims. Plaintiff concedes that the allegedly defamatory remarks were made outside the limitations period, but argues that the statute of limitations should be tolled because it did not become "clear to [Plaintiff] that he could prove a defamation claim" until after the deposition of an Arrow representative in early 2021. Opp'n at 3, ECF No. 44. Alternatively, Plaintiff urges the Court to reimagine his defamation claim as a claim for malicious interference. *Id.* The Court agrees with Defendant that Plaintiff's defamation claim is time-barred.

Under New Jersey law, which the parties agree applies to Plaintiff's defamation claim, defamation claims must be brought within one year of "the publication of the alleged libel or slander." N.J.S.A. § 2A:14-3. Moreover, the Supreme Court of New Jersey has specifically rejected the application of a "discovery rule" which would toll the one-year statute of limitations for such claims. *See Nuwave Inv. Corp. v. Hyman Beck & Co.*, 221 N.J. 495, 500 (2015) ("The statute's clear and unqualified language requires all libel claims

to be made within one year of the date of the publication."); *see also Baran v. ASRC/MSE*, 815 F. App'x 633, 637-38 (3d Cir. 2020) (rejecting argument that the interests of justice warranted extension of limitations period on defamation claim because federal courts are required "to follow state law as announced by the highest state court" (quotations omitted)). Here, there is no dispute that more than one year has passed between either the comments made by Pinheiro and Tanjavur in December 2017 or by Arrow in its 2018 position statement before the NJDCR and the May 10, 2021 filing of the Second Amended Complaint. Accordingly, to the extent Plaintiff's defamation claim in Court Four is predicated on any of these statements, the claim is time-barred and must be dismissed.

The Court also declines to convert Plaintiff's defamation claim into one for malicious interference. The Second Amended Complaint is clear that Count Four raises a defamation claim which the Court has held is time-barred by New Jersey's one-year statute of limitations. If Plaintiff now wishes to assert a new malicious interference claim, he may do so in accordance with the applicable rules and previous orders entered in this case.

## IV.     CONCLUSION

For the reasons set forth above, Defendant's Motion is **GRANTED**. An appropriate order follows.

_/s/ William J. Martini_
William J. Martini, U.S.D.J.

**Date: September 13, 2021**